**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0538n.06

No. 15-6443

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 16, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAN HALE et al., | ) | |
| | ) | |
| **Plaintiffs-Appellants,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| TRAVELERS CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellee.** | ) | |
| | ) | |

**Before: COLE, Chief Judge; DAUGHTREY and MOORE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiffs-Appellants Dan Hale, Don Hale, and HRC Medical Centers, Inc. seek to compel Defendant-Appellee Travelers Casualty and Surety Company of America to defend them in a lawsuit brought by the Attorney General of the State of Tennessee. Travelers refuses to defend plaintiffs in that lawsuit, arguing that plaintiffs' coverage application included material misrepresentations and that, according to the definitions in the policy, the lawsuit involves a claim that was made prior to the policy period. On these grounds, the district court held that plaintiffs had no right to coverage for the Attorney General's lawsuit and entered summary judgment for Travelers. Plaintiffs appealed. For the reasons discussed below, we **AFFIRM** the district court's judgment.

No. 15-6443
*Hale et al. v. Travelers Casualty and Surety Co. of Am.*

## I. BACKGROUND

Dan Hale and Don Hale were the principals and directors of HRC Medical Centers, Inc. ("HRC"), which provided bio-identical hormone replacement therapy in Tennessee and other states. Plaintiffs do not dispute that prior to February 2012, at least seven complaints against HRC were filed with the Tennessee Division of Consumer Affairs; at least sixty-four complaints against HRC were filed with the Better Business Bureau of Middle Tennessee (BBB); Nashville's News Channel 5 investigated customer complaints against HRC; and an individual named Laquita Amos filed a lawsuit against HRC alleging breach of contract, negligent misrepresentation, intentional misrepresentation, and violations of the Tennessee Consumer Protection Act. R. 40 (Pls.' Resp. to Def.'s Facts at ¶¶ 20–23) (Page ID #3802–03).[1] Plaintiffs were aware of the complaints, lawsuit, and investigation prior to February 2012. *See* R. 27 (Consumer Affairs Complaints) (Page ID #1376–1700) (including responses from HRC); R. 29 (BBB Complaints) (Page ID #2976–3439) (including responses from HRC); R. 28-2 (Don Hale Dep. at 43–47) (Page ID #1857–61) (acknowledging that a lawsuit alleging negligent misrepresentation, intentional misrepresentation, and violations of the Tennessee Consumer Protection Act was served on HRC and was set for a court hearing in December 2011); R. 28-1 (Dan Hale Dep. at 38–40) (Page ID #1743–45) (explaining that Channel 5 News spoke with Dan as part of their investigation into HRC).

---

[1]Plaintiffs vigorously dispute the validity of each of these criticisms, but that was not the issue before the district court and is not the issue before this court. This case is not about whether plaintiffs' business practices were sound or whether they provided safe or effective treatment. Like the district court, we do not weigh in on those questions.

In February 2012, HRC submitted a coverage application to Travelers. The coverage application asked the following questions:

1. Has there been during the past five years, or are there now pending, any securities claims, criminal actions, administrative or regulatory proceedings, charges, hearings, demands or lawsuits including shareholder, creditor, antitrust, fair trade law, copyright or patent litigation, against any Applicant, or any person proposed for this insurance, whether or not such claim or action would be covered under the Health Care Organization Directors, Officers and Trustees Liability Coverage?

. . .

3. Does the Applicant, or any person proposed for this insurance have any knowledge or information of any fact, circumstance or situation related to the Health Care Organization Directors, Officers and Trustees Liability Coverage that could reasonably give rise to a claim against them?

R. 28-3 (Coverage Application at 6) (Page ID #2318). Despite the complaints to the Consumer Affairs Division and BBB, Amos's lawsuit, and Channel 5's investigation, HRC's application answered "No" to both questions. *Id.* Based on this application, HRC secured insurance for a policy period of February 1, 2012 through February 1, 2013. R. 1-1 (Insurance Policy at 1) (Page ID #16).

In October 2012, the State of Tennessee, through Attorney General Robert Cooper, filed a lawsuit against HRC, Dan Hale, and Don Hale seeking to have the court dissolve HRC and revoke Dan Hale's medical license, among other relief. R. 28-3 (AG Lawsuit Compl. at 1, 157–59) (Page ID #2000, 2156–58). The allegations in the Attorney General's lawsuit mirror the allegations in the Consumer Affairs Division complaints, BBB complaints, and Amos's lawsuit. *See* R. 27 (Consumer Affairs Complaints) (Page ID #1376–1700); R. 29 (BBB Complaints)

3

(Page ID #2976–3439); R. 28-3 (Summons in *Laquita Amos v. HRC Med. Ctrs.* at 1–2) (Page ID #2311–12); R. 28-4 (Affs. Submitted in AG's Lawsuit) (Page ID #2893–2972); R. 28-3 (AG Lawsuit Compl. at 38–149) (Page ID #2037–2148). The Director of the Tennessee Consumer Affairs Division requested that the Attorney General file the lawsuit. R. 28-3 (AG Lawsuit Compl. at 2) (Page ID #2001). The affidavits that support the Attorney General's lawsuit are anonymous, but at least one person who provided an affidavit to the Attorney General attests that she also submitted complaints to the BBB and Consumer Affairs Division. R. 30-2 (Barbara Bradshaw Aff. at ¶¶ 7–11) (Page ID #3451).

Travelers denied HRC coverage for the Attorney General's lawsuit, determining that the Attorney General's lawsuit was related to a claim made prior to the policy period and that plaintiffs' coverage application included material misrepresentations. R. 1-1 (12/18/2012 Travelers Letter to Dixie Hale at 5, 7) (Page ID #68, 70). In September 2014, plaintiffs filed this lawsuit in state court seeking a declaratory judgment requiring Travelers to defend them in the Attorney General's lawsuit. R. 1-1 (Petition) (Page ID #9). Travelers removed the case to federal court. The district court held that plaintiffs had no right to coverage for the Attorney General's lawsuit and entered summary judgment for Travelers.

## II. DISCUSSION

We review a district court order granting summary judgment de novo. *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). "The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## A. Material Misrepresentations on the Coverage Application

We agree with the district court that plaintiffs made material misrepresentations on their coverage application. The policy application asks, in question 1, whether there were "any . . . demands or lawsuits" made in the last five years or currently pending. R. 28-3 (Coverage Application at 6) (Page ID #2318). When plaintiffs submitted the application, they were aware that within the last five years a number of customers had demanded refunds and one had filed a lawsuit against them. At the very least, a lawsuit constitutes "any . . . lawsuits." Yet plaintiffs answered "No" to question 1. The policy application also asks, in question 3, whether the "Applicant, or any person proposed for this insurance [has] any knowledge or information of any fact, circumstance or situation . . . that could reasonably give rise to a claim against them." R. 28-3 (Coverage Application at 6) (Page ID #2318). Plaintiffs were aware that a number of customers filed complaints with the Consumer Affairs Division and with the BBB, that one customer filed a lawsuit against them, and that a television station investigated them. At least in combination, these events constitute "any fact, circumstance or situation . . . that could reasonably give rise to a claim." Yet plaintiffs answered "No" to question 3.

Plaintiffs' failure to disclose these circumstances is a material misrepresentation that justifies denying coverage. *See, e.g.*, *Bass v. Equitable Life Assurance Soc'y of U.S.*, 72 F. App'x 401, 403–04 (6th Cir. 2003); *Snead v. Nationwide Prop. & Cas. Ins. Co.*, 653 F. Supp. 2d

823, 827–28 (W.D. Tenn. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fed. Deposit Ins. Corp.*, No. 03A01-9405-CH-00179, 1995 WL 48462, at *3–4 (Tenn. Ct. App. Feb. 8, 1995). The district court correctly ruled that as a consequence of plaintiffs' material misrepresentations, Travelers has no obligation to defend plaintiffs in the Attorney General's lawsuit.

## B.  Other Reasons for Refusing Coverage

Because we affirm the district court on the ground that plaintiffs made material misrepresentations on the coverage application, we do not reach the district court's holding that the Attorney General's lawsuit was not covered under plaintiffs' policy or Travelers's other arguments.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.